UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ahmed Ali FARAH,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>Jeremy CASEY, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 25-cv-3858-AGS-VET<br><br>**ORDER REQUIRING RESPONSE** |

　　Petitioner Ahmed Ali Farah seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. (*See* ECF 1.)

　　At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

　　Petitioner, "a native and citizen of Somalia," "last arrived" in the United States "on or about June 23, 2022, where he was encountered by DHS, briefly detained, and then affirmatively released on parole rather than detained as an arriving noncitizen pending proceedings." (ECF 1, at 2.) After living and working in the United States for years without issue, on "December 7, 2025, without advance notice and without any allegation that Petitioner violated parole or supervision conditions, DHS arrested Petitioner." (*Id.* at 3.) Farah claims that "DHS now detains him under INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A), treating him as though he were currently 'seeking admission.'" (*Id.*) Farah asserts that "[i]f any detention authority applies in Petitioner's posture, it is INA § 236(a),

8 U.S.C. § 1226(a), which requires an individualized custody determination and permits release on bond or conditions." (*Id.*). He argues that his misclassified detention violates due process and the declaratory judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

This challenge has sufficient potential merit to warrant a response. Beside *Maldonado Bautista* itself, functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "have prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts"); *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[P]etitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("[T]he government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

By **January 16, 2026**, respondents must answer the petition. Any reply by petitioner must be filed by **January 23, 2026**. The Court will hold oral arguments on the petition on **January 30, 2026**, at **10:00 a.m.**

Dated: January 2, 2026

Hon. Andrew G. Schopler
United States District Judge